UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TAMMY IVES, et al.,
        Plaintiffs,

v.                                        CIVIL ACTION NO. 17-30101-MGM

LINDA TYER, et al.,
        Defendants.

**ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS
AND REPORT AND RECOMMENDATION FOR DISMISSAL**

**ROBERTSON, M.J.**

For the reasons stated below, the Court will allow the motions to proceed *in forma pauperis* and recommend that the complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B) for failing to state a claim on which relief may be granted.

**I.    Background**

*Pro se* plaintiffs Tammy Ives ("Ives") and William D. Bean ("Bean") filed a civil rights complaint against Linda Tyer, the mayor of Pittsfield, and Mark Blaisdell, a nuisance control officer for the City of Pittsfield. Complaint ("Compl."), ECF No. 1. Plaintiffs allege that the Court has jurisdiction under the Sunshine Act, 5 U.S.C. § 552b; the Civil Rights Act, 42 U.S.C. § 1983; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.; and 18 U.S.C. § 2261A (the federal criminal statute that prohibits stalking). Id. Each plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs. ECF Nos. 2, 3.

Plaintiffs, who appear to be a father and daughter residing together at 62 Sadler Avenue in Pittsfield, Massachusetts, state that they have the "right to be happy and that [they enjoy] collecting items." Compl., ECF No. 1 at p. 7. The complaint appears to indicate that either one or both of the plaintiffs "have psychological disabilities." Id. They allege that the mayor of Pittsfield "was

notified multiple times of the wrong doings of the health department and Mark Blaisdell." Id. at p. 8. Plaintiffs allege that defendant Blaisdell "has harassed us since 2014 [and has] bullied and manipulated family members, admitted to watching us and peeping in our fence." Id. Plaintiffs complain that Blaisdell "randomly uses profanity and makes our living at the house miserable" and has "invaded our privacy by peeping and discussing private matters in a public atmosphere." Id. Plaintiffs allege that Blaisdell has "gone beyond the reach of his title." Id. at p. 7.

They seek reimbursement "for [$]3,760.00 in hidden fees [for water and sewer service that were paid from a mortgage as well as] 3,500 for the removal of a garage, 300.00 for a dumpster, 200.00 at a time for trumped up fines." Id. at p. 8. Plaintiffs ask to be "reimbursed for [their] pain and suffering" and for "128,000 for [their] property value that [Blaisdell] is trying to diminish." Id. Plaintiffs seek protection from Blaisdell's alleged harassment and ask "for his immediate dismissal." Id. Plaintiffs ask for Mayor "Linda Tyer to be held responsible." Id.

Ives has filed several lawsuits in state court for matters that stem from zoning and code enforcement actions, including a 2014 lawsuit against defendant Blaisdell. See Ives, et al. v. Blaisdell, et al., 1476cv00291 (filed Nov 3, 2014 Berkshire Superior Court), appeal filed, No 2015-P-0174 (Mass Appeals Court June 10, 2015) (dismissed for lack of prosecution); Ives, et al. v. Keefner, 1476cv00216 (Berkshire Superior Court Nov 6, 2014) (Judgment of dismissal), appeal filed, No 2014-P-1846 (Mass Appeals Court Dec. 1, 2014) (pending); Ives, et al. v. Ouelette, No. 1476cv00250 (filed Sept. 17, 2014 Berkshire Superior Court), appeal filed, No 2015-P-0096 (Mass Appeals Court Jan. 20, 2015) (pending); Ives v. Pittsfield City Council, No. 1476cv00155 (Berkshire Superior Court July 28, 2014 (granting defendants' motion to dismiss); Ives v. Terrance, et al., No. 1476cv00014 (filed Jan. 22, 2015).

II.     **Plaintiffs' Motions to Proceed In Forma Pauperis**

Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action *in forma pauperis* if it is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. See 28 U.S.C. § 1915(a)(1). Upon review of plaintiffs' financial disclosures, the Court concludes that they have shown that they are each without sufficient funds to pay the filing fee for this action. Accordingly, the motions to proceed *in forma pauperis* are ALLOWED.

### III. Preliminary Screening of the Complaint

Because plaintiffs are proceeding *in forma pauperis*, their complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). This statute directs federal district courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious or frivolous; fails to state a claim upon which relief can be granted; or seeks monetary or other relief against a defendant who is immune from such relief. See id.; see also Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001).

In determining whether a complaint states a claim, the Court accepts as true the well-pleaded allegations in the complaint and draws reasonable inferences in the plaintiffs' favor. Martino v. Forward Air, Inc., 609 F.3d 1, 2 (1st Cir. 2010). The allegations in the complaint must "set forth minimal facts as to who did what to whom, when, where, and why.'" Ruiz-Rosa v. Rullán, 485 F.3d 150, 154 (1st Cir 2007) (quoting Educadores Puertorriquñeos en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004)). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility standard does not require a probability but is more than a mere possibility. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

For purposes of preliminary screening, the court liberally construes plaintiffs' complaint because they are self-represented. See Rodi v. Southern New England Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004) (citing Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000)). Pro se plaintiffs, however, must still comply with procedural and substantive law and "dismissal remains appropriate ... when the complaint fails to even suggest an actionable claim." Overton v. Torruella, 183 F. Supp. 2d 295, 303 (D. Mass. 2001). Even allowing for a liberal construction of the complaint, the court recommends, for the reasons set forth below, that it be dismissed pursuant to 28 U.S.C. § 1915 (e)(2) for failure to state a claim on which relief may be granted.

**IV. Discussion**

    A. Section 2261A of Title 18 does not confer a Private Right of Action

Although the complaint references several federal statutes, plaintiffs do not provide a viable legal basis for this action. As an initial matter, 18 U.S.C. § 2261A, the federal criminal statute involving stalking, does not confer a private right of action. See, e.g., Scott v. Carlson, C.A. No. 16-27, 2016 WL 4398545, at *2 (W.D. Va Aug. 18, 2016); Fox v. Tippetts, C.A. No. 09-00485, 2009 WL 3790173, at *4 (W.D. La. Nov. 10, 2009); Kruska v. Perverted Justice Found., Inc., C.A. No. 08-0054, 2009 WL 321146, at *4 (D. Ariz. Feb. 6, 2009).

    B. Defendants are not Subject to the Provisions of 5 U.S.C. § 552b

To the extent plaintiffs allege that the one or both defendants violated 5 U.S.C. § 552b, the named defendants are not subject to the provisions of this statute. The term "agency" under the Sunshine Act is defined in terms of the Freedom of Information Act, whose provisions apply only to federal agencies. See 5 U.S.C. §§ 551(1), 552(a); Philip Morris Inc. v. Harshbarger, 122 F.3d 58, 83 (1st Cir. 1997) (noting that by its own terms, the Freedom of Information Act, applies only to federal executive branch agencies).

    C. Plaintiffs' Complaint Fails to State a Claim under the Americans with Disabilities Act

To the extent plaintiffs assert claims under Title II of the ADA, the complaint does not reference a particular provision of the ADA. The Court presumes, for purposes of preliminary screening, that they assert a claim under Title II of the ADA, which prohibits discrimination against a qualified individual with a disability regarding a public entity's "services, programs, or activities." 42 U.S.C. § 12132. Under the ADA, a plaintiff must show: "(1) that he is a qualified individual with a disability; (2) that he was ... excluded from participation in ... a public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion ... or discrimination was by reason of [his] disability." Parker v. Universidad de P.R., 225 F.3d 1, 4 (1st Cir. 2000). Here, the plaintiffs have not pled facts to support a claim of unlawful discrimination under the ADA.

### D. Respondeat Superior is Not a Viable Theory of Liability under Section 1983

With respect to plaintiffs' Section 1983 claims against Mayor Tyer, they are premised on a theory of supervisory liability for the actions of an investigator for the City of Pittsfield. Liability under Section 1983 is direct, not vicarious, and can only be imposed upon officials who were involved personally in the alleged deprivation of constitutional rights. Pinto v. Nettleship, 737 F.2d 130, 132 (1st Cir. 1984) (no respondeat superior liability under § 1983); Guzman v. City of Cranston, 812 F.2d 24, 26 (1st Cir. 1987) (supervisory officials cannot be held liable solely on the basis of their employer-employee relationship with a tortfeasor). Here, the Section 1983 claims against Tyer fail because there are no allegations concerning her personal involvement and liability cannot rest solely on her position of authority. See Guadalupe-Baez v. Pesquera, 819 F.3d 509, 515 (1st Cir. 2016) (citing Ramírez-Lluveras v. Rivera-Merced, 759 F.3d 10, 19 (1st Cir. 2014)).

### E. Plaintiffs' 42 U.S.C. § 1983 Claims against Defendant Blaisdell

With respect to defendant Blaisdell, the allegations of fact are vague and it is difficult to discern any federal constitutional violation. Plaintiffs allege that they were "harassed" and subjected to "verbal abuse" by defendant Blaisdell, who is described in the complaint as a "Nuisance Control" officer for the City of Pittsfield. Plaintiffs state that they "have the right to be happy" and that they enjoy "collecting items." Plaintiffs complain that Blaisdell has "gone beyond the reach of his title" and "invaded [plaintiffs'] privacy by peeping and discussing private matters in a public atmosphere."

Although the complaint essentially pleads labels and conclusions, by reading the complaint liberally, the Court concludes that plaintiffs claim that Blaisdell violated their constitutional right to privacy. "In order to prove a claim under § 1983, plaintiff must show that (1) the conduct complained of was carried out under color of state law and (2) that conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." Pineiro v. Gemme, 937 F. Supp. 2d 161, 169 (D. Mass. 2013) (citing Collins v. Nuzzo, 44 F.3d 246, 250 (1st Cir. 2001)).

Plaintiffs have alleged that Blaisdell was employed by the City of Pittsfield and was so employed when he engaged in the conduct about which they complain. Accordingly, the court will assume that Plaintiffs have adequately alleged that the conduct complained of was committed under color of state law. In general, there is a "right of privacy" under the Fourteenth Amendment's concept of personal liberty. Pouliot v. Town of Fairfield, 226 F.Supp.2d 233, 247 (D. Me. 2002). "This has been characterized as having two branches of interest, an interest in avoiding the disclosure of personal matters [confidentiality] and an interest in independence in making certain kinds of important decisions [autonomy]." Id. (citing Whalen v. Roe, 429 U.S. 589, 599 (1977)). To establish a violation of their constitutional right to privacy, plaintiffs must establish that they

6

had a "reasonable expectation of privacy" in the information that was disclosed. See Nixon v. Adm'r of Gen. Servs., 433 U.S. 425, 457 (1977); Borucki v. Ryan, 827 F.2d 836, 843-844 (1st Cir. 1987) (discussing vague parameters of constitutional right to privacy with respect to medical records).

Assuming that Blaisdell's alleged actions transpired under color of state law, no constitutional privacy right is implicated by the allegations in the complaint. Plaintiffs contend that Blaisdell, in the course of his official duties, violated their right to privacy. However, they provide no facts from which it may be plausibly inferred that defendant Blaisdell's conduct violated their rights. Although plaintiffs complain that he went beyond the reach of his title, a city inspector such as Blaisdell would need to be cognizant of the conditions of private property in Pittsfield, including potentially dangerous conditions. An inspector looking at property during the course of his employment, does not, per se, transform such activity into a constitutional offense against privacy rights. Plaintiffs have failed to allege any facts establishing the violation of any constitutional right to privacy beyond conclusory allegations.

To the extent plaintiffs complain that Blaisdell violated several state statutes, including G.L. c. 265, § 43 (stalking, punishment), Section 1983 does not provide redress for violations of a state law. Fournier v. Reardon, 160 F.3d 754, 757 (1st Cir. 1998) ("a state actor's failure to observe a duty imposed by state law, standing alone, is not sufficient to establish a § 1983 claim"); see Baker v. McCollan, 443 U.S. 137 (1979) (federal civil rights complaint may not be brought to redress violations of state law). "[A] plaintiff must allege more than conduct that violates an 'abstract' constitutional principle; he must plead with particularity a concrete constitutional right." Heinrich ex rel. Heinrich v. Sweet, 62 F.Supp.2d 282, 319 (D. Mass. 1999) (citing Fournier, 160 F.3d at 757). Section 1983 imposes liability for violations of rights protected by the Constitution,

not for violations of duties of care arising out of tort law. Santiago de Castro v. Morales Medina, 943 F.2d 129, 130 (1st Cir.1991); see Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991) ("It is well established that not every state tort constitutes a violation of a protected federal right simply because it is committed by the state. The Constitution does not protect against all intrusions on one's peace of mind. Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest.") (citations omitted).

## VI. Conclusion

For these reasons,

1. Plaintiffs' motions to proceed *in forma pauperis* are ALLOWED.

2. The Court RECOMMENDS that the action be DISMISSED pursuant to 28 U.S.C. § 1915 (e)(2) for failure to state a claim.[1]

**So Ordered.**

                                                                  /s/ Katherine Robertson
                                                                  KATHERINE A. ROBERTSON
Dated: November 6, 2017                     United States Magistrate Judge

---

[1]Plaintiff is advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The plaintiff is further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604 (1st Cir. 1980). See also Thomas v. Arn, 474 U.S. 140, 154-55 (1985).